IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOMER GUY, | ) | |
|     Petitioner, | ) | Civil Action No. 08-358 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| SUPERINTENDENT SOBINA, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Petitioner Homer Guy is state prisoner who is serving an aggregate sentence imposed by the Court of Common Pleas of Erie County on December 24, 1990, at Criminal Docket No. 1254 of 1990 for convictions related to the sexual abuse of his stepdaughter, and for violations of his parole at Criminal Docket Nos. 606 and 607 of 1981.  He has filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking that judgment of sentence.  [ECF No. 9].  The petition is at least the second one that he has filed with this Court in which he challenges his judgment of sentence.  Because he did not receive from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.     REPORT**[1]

    **A.     Relevant Background**

---

[1]     Respondents have submitted the Common Pleas Court's file and the relevant transcripts.  The file contains documents numbered 1 through 89, and they shall be cited to as "CP Dkt. No. ___."

1

On July 4, 1981, Petitioner entered a plea of guilty in the Court of Common Pleas of Erie County on counts of Involuntary Deviate Sexual Intercourse ("IDSI") and Corruption of Minors at Criminal Docket Nos. 606 and 607 of 1981. On September 10, 1981, he was sentenced to an aggregate term of 6-20 years of incarceration plus 20 years of probation. He filed an appeal of his sentence, which the Superior Court affirmed on or around November 18, 1983.

Petitioner subsequently was paroled and placed under the supervision of the Pennsylvania Department of Probation and Parole. On November 6, 1990, while under that supervision, an Erie County jury at Criminal Docket No. 1254 of 1990 convicted him of two counts of Indecent Assault, Corruption of Minors, IDSI, Rape and Statutory Rape. On December 24, 1990, he was sentenced on those convictions and his parole at Criminal Docket Nos. 606 and 607 of 1981 was revoked. The aggregate term imposed on that date for all three docket numbers is 70-140 years of incarceration.

On February 4, 1991, Petitioner filed his first motion for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, in which he claimed that his trial counsel was ineffective; he was denied his right to a speedy trial; and, recanted testimony established his innocence. (CP Dkt. No. 12). Petitioner's court-appointed counsel, Anthony A. Logue, Esq., moved for withdrawal and submitted a "no-merit" letter to the court, stating that none of Petitioner's claims had merit. On June 20, 1991, the court granted counsel's motion and denied Petitioner's PCRA motion. (CP Dkt. No. 17). Petitioner filed an appeal, which was denied as untimely.

In April of 1993, Petitioner filed a second PCRA motion in which he raised claims of ineffective assistance of counsel and trial court error. (CP Dkt. No. 26). The PCRA court denied this motion on September 15, 1993. (CP Dkt. No. 29). Petitioner did not appeal.

On March 15, 1994, Petitioner, through his attorney Michael Palmisano, Esq., filed a motion for new trial based on the recantation of the victim's testimony. (CP Dkt. No. 30). The motion included a

2

letter from the victim, Petitioner's stepdaughter, which implied that some of her testimony at trial was false. The court conducted a hearing on Petitioner's motion on April 6, 1994, during which the victim testified regarding her recantation. She stated that her testimony at trial was false except regarding the two instances of sexual intercourse that were documented by medical evidence. During a recess, the victim told the judge in his chambers that her mother and family pressured her into recanting her original testimony. As a result of this pressure, the victim overdosed on medication and was hospitalized. The victim begged the court to find her alternative living arrangements because she did not want to go home with her mother.

In a written opinion dated May 27, 1994, the court concluded that the victim was truthful when she testified at trial. It found she was strongly motivated and influenced to recant her testimony by her mother and family, and was under extreme mental and emotional duress. (CP Dkt. No. 37).

Subsequently, Petitioner filed a third PCRA, which was denied on September 16, 1994. (CP Dkt. No. 34). Petitioner did not appeal.

In January of 1995, Petitioner filed a petition for writ of habeas corpus with this Court in which he challenged the judgment of sentence imposed by the Court of Common Pleas on December 24, 1990. That case was docketed as <u>Homer Ray Guy v. Edward T. Brennan, *et al*.</u>, Civil Action No. 95-49 (Erie), assigned to the Honorable Sean J. McLaughlin, and referred to the undersigned. He raised the same claims that he had raised in his first PCRA motion. On November 5, 1996, this Court issued a Memorandum Order in which it, upon the undersigned's Report and Recommendation, denied the petition and denied a certificate of appealability.

More than seven years later, on June 30, 2004, Petitioner filed another PCRA motion, this time requesting forensic DNA testing. In that motion, he explained:

3

> During the course of investigation in this matter, the victim was examined and evidence was collected in the form of a venereal wart. A venereal wart was also removed from the Defendant, and such evidence was introduced at trial to prove that the Defendant and victim had intercourse. However, no D.N.A. testing was performed on the warts as the technology was unavailable at the time.

(CP Dkt. No. 40). He requested that that evidence be produced for DNA testing. The court denied his motion on August 16, 2004. (CP Dkt. No. 41). On June 15, 2005, the Superior Court issued a Memorandum in which it affirmed the PCRA court's decision. (CP Dkt. No. 47).

On March 27, 2007, Petitioner filed another PCRA motion for forensic DNA testing. (CP Dkt. No. 50). The PCRA court denied that motion on April 4, 2007. (CP Dkt. No. 51). On March 17, 2008, the Superior Court issued a Memorandum in which it affirmed the PCRA court's decision. (CP Dkt. No. 51).

In the instant petition for writ of habeas corpus, Petitioner once again challenges his December 24, 1990, judgment of sentence. He claims, as he did in his first habeas petition, that his right to speedy trial was violated. He also claims that the state court erred in denying his requests for DNA testing. Finally, he claims that the PCRA court violated the Judicial Code of Ethics and that his sentence was improper. [ECF No. 9].

### B. Discussion

Because the instant habeas petition is at least the second federal habeas corpus petition that Petitioner has filed in which he challenges his December 24, 1990, judgment of sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a

4

petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Court of Appeals establishes that Petitioner has not received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Id. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

### **III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and a that certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Dated:  March 7, 2010                           /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge


cc:     The Honorable Sean J. McLaughlin
        United States District Judge